21-00521

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Angela L. Ruckman | CASE NO. 21-CV00923 |
| Plaintiff | Judge John R. Adams |
| -vs- | |
| PHH Mortgage Corporation d/b/a PHH Mortgage Servicing, et al. | |
| Defendant(s) | **CLUNK, HOOSE CO., LPA'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Now comes Defendant, Clunk, Hoose Co., LPA ("Clunk"), by and through its counsel, and hereby moves for judgment on the pleadings on the FDCPA claim of Plaintiff Angela Ruckman ("Ruckman"), pursuant to Fed.R. 12(c), for the reasons set forth in the memorandum attached hereto and incorporated herein.

Respectfully submitted,
CLUNK, HOOSE CO., LPA

/s/ Ashley E. Mueller
Ashley E. Mueller #0084931
Laura C. Infante #0082050
Attorneys for Defendant
Clunk, Hoose Co., LPA
495 Wolf Ledges Pkwy
Akron, OH  44311
(330) 436-0300 - telephone
(330) 436-0301 - facsimile
notice@clunkhoose.com
File No. 21-00521

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### Statement of Relevant Facts

Ruckman filed a complaint against Clunk for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"). Ruckman claims that Clunk misrepresented the status of Ruckman's loan when filing a motion for summary judgment in the state foreclosure action and through a status update to the state trial court.

Ruckman defaulted on a note and mortgage that encumbers her property located at 837 South Main Street, Mansfield, OH 44907. See Ruckman's complaint, ¶¶2, 4, and 31. Clunk was retained to file the complaint in foreclosure against Ruckman and other defendants. See Ruckman's complaint, ¶32. During the pendency of the foreclosure, Ruckman submitted financial documents to be reviewed for a loan modification and, ultimately, was offered a trial loan modification. See Ruckman's complaint, ¶¶33 and 36. After making the required payments under the trial modification, an offer for a permanent modification was made to Ruckman. See Ruckman's complaint, Exhibit 2-A. To accept the modification, Ruckman was required to execute, notarize and return the document to PHH by November 24, 2020. *Id*. Ruckman requested an extension to review the modification with an attorney. See Clunk's answer, ¶40. Ruckman was granted an extension to December 31, 2020 to send in the signed and notarized loan modification. See PHH's answer, ¶40 and Clunk's answer, ¶40. Ruckman did not submit the signed and notarized loan modification to PHH by December 31, 2020 deadline. See PHH's answer, ¶42 and Clunk's answer, ¶42. Ruckman has not produced a copy of an executed and notarized modification from December 2020. See Ruckman's complaint, generally. PHH denied the permanent modification on January 14, 2021 and mailed a denial notice to her property address. See PHH's answer, Exhibit 2.

Ruckman then engaged in communications with a Clunk representative via email regarding the status of her loan modification. See Ruckman's complaint, Exhibit 2. Ruckman was advised that the permanent modification was not implemented and there were missing payments. *Id*. Ultimately, PHH agreed to reverse the loan modification denial if Ruckman made the two missing payments for February and March by March 25, 2021. *Id*. Ruckman did not submit the payments. Clunk then filed a motion for summary judgment on March 29, 2021 seeking judgment on the note and foreclosure of the mortgage. Clunk answer, ¶61; PHH answer, ¶61.

## Law and Argument

### A. Fed.R. 12(c) Motion Standard

"A motion for judgment on the pleadings ... generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). "Under Rule 12(c), courts 'must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 929 (2007) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).' *Desai v. Geico Casualty Company,* 1:19-CV-2327, 2021 WL 2069546, at 3 (N.D. Ohio May 24, 2021).

"Only 'well-pleaded factual allegations' that 'plausibly give rise to an entitlement of relief' and 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' will survive. *Id*. citing *Bates*. "Conversely, "mere labels and conclusions are not enough." *Id*. citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). "Nor are facts that are 'merely consistent with' liability." *Id*. citing *Bates*. "While 'the court's decision rests primarily upon the allegations of the complaint,' 'exhibits attached to the complaint may also be

taken into account.' *JTO, Inc. v. Travelers Indem. Co. of Am.*, 242 F. Supp. 3d 599, 602 (N.D. Ohio 2017).

### B. **Clunk has no liability under the FDCPA in this case**

Ruckman claims Clunk violated the FDCPA by making false representations as to the status of her loan and/or took unfair or unconscionable means to collect her debt. The FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

Clunk did not make misstatements about the status of Ruckman's loan either through its submission of the motion for summary judgment or in communications with the state court. In fact, Ruckman's own complaint and exhibits show that statements made by Clunk were at the direction of PHH.

As mentioned previously, Ruckman and a representative of Clunk, Diane Bennett, ("Bennett") engaged in email communications regarding the status of Ruckman's loan modification and alleged payments. Ruckman has included excerpts from these emails in her affidavit attached to her complaint as Exhibit 2. Throughout the emails, Bennett consistently refers to all information being sent to, and coming from, PHH.

1. "…However, the last payment our client received from you was for the January payment…" Ruckman complaint, Exhibit 2, ¶21.

2. "Our client has advised that you are due for the February and March payments…If you have proof that you made the February payment and that it was accepted, please provide the proof and I will forward to our client." Id. ¶24.

3. "Your receipts were received and sent to PHH to review." Id. ¶29.

4. "Our client cannot confirm receipt of payments from you." Id. ¶30.

5. "I will send the receipt to PHH, but if PHH doesn't have all the finds in hand by 3/25/21, I expect the modification to be denied." Id. ¶35.

All of the information regarding the status of the modification came from PHH and any information regarding payments was forwarded on to PHH to review. Although Ruckman argues that she produced receipts proving payment on the account, this is incorrect. Ruckman only provided receipts of payments submitted to PHH but no evidence that the payments were accepted by PHH or applied to the account. As is stated in the above email excerpts, PHH confirmed that the payments were not applied to her account. The payments were not applied because the permanent loan modification had been denied on January 14, 2021. Since no modification was in place and the payments were not enough to reinstate the loan and cure the default, they were rejected. PHH confirmed that payments were not applied to the account and that it was still in default and the loss mitigation hold on the file was removed by PHH. Clunk thereafter filed a motion for summary judgment in the state court foreclosure, supported by PHH's affidavit and business records affirming the current balance owed and the default status of the loan.

In addition to Ruckman's own complaint supporting that Clunk relied upon the statements of PHH, PHH's own answer supports Clunk's argument. Within PHH's answer, it denies that Ruckman complied with the terms of the permanent modification and denies that Ruckman submitted an executed, notarized loan modification in December 2020. See PHH's answer, ¶38, 42. PHH further denies that timely payments were made by Ruckman, that payments were rejected because the loan modification was denied, that the receipts she provided do not confirm receipt of payments by PHH, and that any payments made by Ruckman were not

made pursuant to the instructions set forth in the terms of the loan modification. *Id*. ¶43, 45, 52, and 58.

Based upon the information contained within the pleadings, Ruckman has not met her burden of well-pleaded factual allegations that allow the court to reasonably infer that Clunk has violated the FDCPA. Nothing in Ruckman's complaint shows that Clunk knowingly misrepresented the status of her loan to the court or Ruckman, herself. Instead, Clunk reasonably and appropriately relied upon PHH to review the receipts provided by Ruckman and determine that the payments had been rejected. Along with the denial letter that Clunk knew was sent to Ruckman in January 2021, Clunk did not make a misrepresentation to the court as to the status of her loan when filing for summary judgment.

WHEREFORE, Clunk respectfully requests that this Honorable Court grant its motion to for judgment on the pleadings as to Ruckman's FDCPA claim.

> Respectfully submitted,
> CLUNK, HOOSE CO., LPA
>
> /s/ Ashley E. Mueller
> Ashley E. Mueller #0084931
> Laura C. Infante #0082050
> Attorneys for Defendant
> Clunk, Hoose Co., LPA
> 495 Wolf Ledges Pkwy
> Akron, OH  44311
> (330) 436-0300 - telephone
> (330) 436-0301 - facsimile
> notice@clunkhoose.com
> File No. 21-00521

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(f)

I hereby certify that this case been assigned to the standard track and that the memorandum attached to this motion does not exceed the twenty page limitation for dispositive motions filed in a standard track case.

/s/ Ashley E. Mueller
Ashley E. Mueller #0084931

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed by regular U.S. Mail, or served electronically via the Court's E-file system, to parties or their attorneys of record, this 22nd day of October, 2021.

Marc E. Dann, Esq.
Attorney for Plaintiff
P.O. Box 6031040
Cleveland, OH 44103

Sarah A. Wilson, Esq.
Attorney for PHH
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

/s/ Ashley E. Mueller
Ashley E. Mueller #0084931