UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA L. RUCKMAN, | ) | CASE NO. 5:21-cv-923 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| PHH MORTGAGE CORP., *et al.*, | ) | **CIVIL TRIAL ORDER** |
| | ) | |
| Defendants. | ) | |

This case is scheduled for a jury trial to begin on **April 10, 2023, at 8:30 a.m.,** in the courtroom of the Honorable Bridget Meehan Brennan, Courtroom 15B of the Carl B. Stokes United States District Courthouse, 801 West Superior Avenue, Cleveland, Ohio ("Courtroom 15B").

The final pretrial is scheduled for **March 20, 2023, at 12:00 p.m.,** in Courtroom 15B. Pursuant to Local Rule 16.3(e), the parties, lead counsel of record, and insurance company representatives with full settlement authority must be present and prepared to discuss all aspects of the case, including any pending motions, witness and exhibit lists, scheduling, and settlement. Counsel must confer with their clients, and with each other, regarding their final settlement posture no later than two (2) business days before the final pretrial.

**The following instructions will govern the operation of the trial and the obligations of parties and their counsel:**

1. **TRIAL DAYS**

Trials will begin at 8:30 a.m. and continue until 5:00 p.m., unless circumstances dictate otherwise, with one (1) fifteen-minute break in the morning, a one (1) hour lunch break, and one

(1) fifteen-minute break in the afternoon. Counsel must notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. Accordingly, counsel should expect to be present in the courtroom from 8:00 a.m. until 5:30 p.m. in order to address matters outside the presence of the jury.

All parties are to be present in the courtroom at all times when the jury is seated.

2. **STIPULATIONS OF FACT AND PRELIMINARY STATEMENTS**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses to facts which are not in dispute. Said stipulations shall be filed with the Court no later than fourteen (14) business days before the final pretrial.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed 2 pages) describing the case in an impartial, easily understood and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This joint statement shall be emailed to Brennan_Chambers@ohnd.uscourts.gov no later than fourteen (14) business days before the final pretrial.

3. **TRIAL BRIEFS, EXHIBIT AND WITNESS LISTS, AND MOTIONS IN LIMINE**

Trial briefs, witness lists, exhibit lists and any motions *in limine* shall be filed and emailed to opposing counsel and Brennan_Chambers@ohnd.uscourts.gov no later than fourteen (14) business days before the final pretrial.

A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law together with specific citations of statutes and case law; (c) a discussion of any evidentiary issues likely to arise at trial; and (d) an estimated length of trial.

In non-jury trials, proposed Findings of Fact and Conclusions of Law shall be incorporated into the trial brief.  Proposed Findings of Fact and Conclusions of Law shall be consecutively numbered with each stated in a separate paragraph.  The proposed Findings of Fact and Conclusions of Law shall cite the particular witness(es) or exhibit(s) upon which each suggested finding is based.  Proposed Conclusions of Law shall cite legal authority.

Together with the trial brief, the parties shall also file their proposed exhibit and witness lists.  The lists shall provide a brief description and the purpose of each witness and shall list and briefly describe each item of documentary or physical evidence which is to be offered.  Each attorney shall have a continuing obligation to supplement these lists immediately upon learning of any additional witness(es) or exhibit(s).  Absent a showing of good cause, witnesses and exhibits not identified prior to trial as required by this Order will not be permitted to testify or be introduced at trial.  This rule applies to lay witnesses as well as to expert witnesses.

4. **OBJECTIONS TO WITNESSES OR EXHIBITS**

Only those objections to a proposed witness or exhibit that have not been resolved among counsel shall be filed and a copy emailed to Brennan_Chambers@ohnd.uscourts.gov no later than two (2) business day prior to the final pretrial.  Such objections shall include a brief statement setting forth the reasoning for the objection and specific citations to pertinent case law or other legal authority.

5. **MARKING OF EXHIBITS**

The Court is using new technology to facilitate the viewing of exhibits by jurors.  Each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive.  A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and

any Joint Exhibits.  Each party must send the exhibits in this format to Chambers 15B, so that the Court is guaranteed to receive them by no later than two (2) business days before trial.

The exhibit files must be renamed using a naming convention similar to: <exhibit number>-<exhibit part>_<exhibit description>.<file extension>.  The exhibit number MUST be a number.  Exhibits with subparts can be so designated using a letter for the exhibit part.  The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

>   1-a_photograph.jpg
>   12_2009Tax Statement.pdf
>   35d.pdf
>   12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to the Courtroom Deputy at (216) 357-7200.

To maintain consistency between the electronic and the paper exhibits, ALL PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS.  Counsel shall mark all exhibits before trial with official or similar stickers.  Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3").  The case number shall also appear on the stickers.

In addition to submitting exhibits, as set forth above, Counsel shall submit to the Court two (2) hard copy sets of all proposed exhibits, contained in three-ring binders, along with an index containing a brief description of each exhibit on the morning that the trial commences.  There is no need to file the exhibits with the Clerk of Court.  Rather, exhibits may be delivered directly to Chambers 15B.  The original exhibits should be retained by counsel for use at trial.  Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) business

days before the scheduled trial date.  Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

6. **VOIR DIRE**

The Court will conduct initial *voir dire* of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question the panel briefly on issues not addressed by the Court.

Proposed *voir dire* questions for the Court's consideration are to be exchanged and a copy emailed to Brennan_Chambers@ohnd.uscourts.gov no later than fourteen (14) business days before the final pretrial.

7. **DEPOSITION TESTIMONY**

Whenever depositions (videotape or written) are intended to be used as evidence at trial, counsel proposing to use such deposition testimony shall provide opposing counsel with pertinent transcript references no later than fourteen (14) business days before the final pretrial. Counsel shall consult in an effort to resolve any objections they may have to planned deposition testimony.

No later than seven (7) business days before the final pretrial, counsel shall file and email Brennan_Chambers@ohnd.uscourts.gov a copy of only those objections that have been raised and not resolved.  The document shall contain citations to any applicable legal authority. Counsel shall attach the entire deposition transcript and highlight the deposition portions at issue.

No later than two (2) business days before trial, counsel is instructed to notify the Court of those deposition transcripts that will be read into the record so that the original transcripts can be made available for the Court.  When videotape depositions will be presented in lieu of live

testimony, counsel must file a complete written transcript of the videotape deposition prior to its use and follow Local Rule 32.1.

8. **JURY INSTRUCTIONS AND INTERROGATORIES**

Counsel are required to provide proposed jury instructions to the Court. Counsel shall also provide proposed juror interrogatories and verdict forms. Counsel shall exchange proposed jury instructions, interrogatories, and verdict forms no later than ten (10) business days before the final pretrial. Counsel shall then confer regarding their respective proposals and make diligent efforts to reach agreement on the instructions, interrogatories, and verdict forms.

No later than two (2) business days before the final pretrial, a ***single joint submission*** shall be filed and emailed to Brennan_Chambers@ohnd.uscourts.gov providing: (1) agreed upon instructions and interrogatories; (2) instructions and/or interrogatories proposed by plaintiffs but opposed by defendants; and (3) instructions and/or interrogatories proposed by defendants but opposed by plaintiffs. The joint submission shall be provided to the Court as one document, divided by the above-described sections. All proposed instructions shall be supported by citations to legal authority.

Any and all objections to proposed jury instructions or interrogatories must also be filed separately and set forth a specific explanation of the reason(s) for the objection along with citations to relevant legal authority. A mere statement of "objection" is not sufficient and will not be considered.

9. **SPECIAL INSTRUCTIONS TO COUNSEL**

Any and all motions, responses, stipulations, objections, pleadings or memoranda filed or required within two (2) business days of any settlement conference, hearing, final pretrial, or trial, shall be emailed to Brennan_Chambers@ohnd.uscourts.gov as well as to opposing counsel on the same day it is filed.

10. **CONDUCT OF COUNSEL**

Pursuant to the Statement of Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel is directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

**IT IS SO ORDERED.**

Date: January 17, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

# TIMELINE OF OBLIGATIONS UNDER THIS TRIAL ORDER

### Fourteen (14) business days before the final pretrial

1. Stipulations as to uncontested facts
2. Joint preliminary statement (exchange and email to counsel/chambers)
3. Trial brief
4. Witness and exhibit lists
5. Proposed *voir dire* questions (exchange and email to counsel/chambers)
6. Proposed deposition testimony for use at trial (exchange)

### Ten (10) business days before the final pretrial

Proposed jury instructions, interrogatories and verdict forms (exchange)

### Seven (7) business days before the final pretrial

Objections to proposed deposition testimony for use at trial (file and email to counsel/chambers)

### Two (2) business days before the final pretrial

1. Counsel and parties to confer regarding settlement positions
2. Objections to proposed witnesses or exhibits (file and email to counsel/chambers)
3. Single joint submission of instructions/interrogatories, with objections (file and email to counsel/chambers)

### Two (2) business days before trial

1. Ensure full copies of deposition transcripts being used at trial are available to the Court (email counsel/chambers)
2. Provide exhibits to opposing counsel and the Court