IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| | |
|---|---|
| ANGELA L. RUCKMAN, | Case No. 5:21-cv-00923 |
| Plaintiff, | Judge Bridget Meehan Brennan |
| v. | |
| PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICING, | **TRIAL BRIEF OF PLAINTIFF ANGELA L. RUCKMAN** |
| Defendant. | |

Plaintiff Angela L. Ruckman ("Plaintiff" or "Ruckman"), through counsel, submits her trial brief in accordance with the *Civil Trial Order* (Dkt. No. 83).

**(a) Statement of Facts**

Ruckman owns and resides at a home in Mansfield, Ohio (the "Home") which is subject to a mortgage loan (the "Loan") serviced by PHH and owned by HSBC Bank USA, N.A. ("HSBC"), who is not a party to this matter. Ruckman fell behind on her Loan payments. Defendant PHH caused HSBC to file a foreclosure action against Ruckman in state court in Richland County, Ohio (the "Foreclosure"). Clunk, Hoose Co. L.P.A ("Clunk") represented PHH in the Foreclosure.

Ruckman submitted and PHH received a complete loss mitigation application as of August 4, 2020. PHH offered Ruckman a trial loan modification, and Ruckman made the required three payments of $469.15 in and for September, October, and November 2020.

PHH approved Ruckman for a permanent modification of the Loan (the "Modification") on November 6, 2020. The Parties agreed that Ruckman was to execute and return the Modification by December 31, 2020. The Parties disagree as to whether Ruckman returned the Modification prior to December 31, 2020 and we expect conflicting testimony as to that fact at trial.

1

Ruckman remitted payments under the terms of the Modification through CheckFreePay at her local Kroger as directed by PHH. PHH received and accepted Ruckman's first two payments under the Modification remitted on or about November 30, 2022 and January 4, 2021. PHH claims that it had not received the executed Modification prior to December 31, 2020. Ruckman re-executed the Modification as instructed by Clunk on January 12, 2021. PHH claims that it sent correspondence dated January 14, 2021, to Ruckman stating that Modification was denied, which Ruckman denies receiving. Ruckman attempted to remit payments on February 11, 2021 and February 22, 2021, but PHH rejected both. Ruckman remitted further payments per the Modification through March 30, 2021, but PHH rejected and failed to apply these payments.

PHH agreed to reverse the denial of the Modification at some point in time between January 14, 2021 and March 3, 2021. Clunk emailed Ruckman on March 3, 2021, stating that she needed to remit the payments for February and March 2021. Clunk emailed Ruckman on March 19, 2021, stating that she had to remit the February and March 2021 payments "before the end of March or the [M]odification is denied." Ruckman tried to discern from Clunk what happened to the funds from the previously rejected payments, but received no explanation. Despite Clunk stating that Ruckman had until the end of March 2021 to remit the payments, HSBC, through Clunk filed a motion for summary judgment in the Foreclosure on March 29, 2021.

Ruckman alleges that PHH's actions in allowing the filing of the summary judgment motion in the Foreclosure were in violation of the "dual-tracking" prohibitions of 12 U.S.C. § 2605(k)(1)(C) and 12 C.F.R. § 1024.41(g) of the Real Estate Settlement Procedures Act (RESPA) and Regulation X because they moved forward to foreclose on her despite the ongoing efforts to modify her loan.

Ruckman alleges that PHH failed to accept and apply all of Ruckman's payments remitted towards the Modification, wrongfully allowed the filing of the summary judgment motion in the Foreclosure, and omitted or misrepresented facts during the loss mitigation process for the Loan constituting violations of the Ohio Residential Mortgage Lending Act (RMLA), specifically R.C. 1322.40(B)-(C) and 1322.45(A)(3)-(4).

Ruckman alleges that she has suffered actual damages from PHH's actions including severe emotional distress, additional legal fees and costs in defense of the Foreclosure, credit damages, and the loss of use of funds. If successful under either claim, Ruckman is entitled to recover her actual damages as well as her reasonable attorneys' fees and costs in connection with this action. Moreover, if successful on her claim under RESPA and Regulation X, Ruckman is entitled for up to $2,000.00 of statutory damages if PHH's actions are part of a pattern and practice of non-compliance with RESPA. If successful on her claim under the RMLA, Ruckman may further be entitled to punitive damages against PHH.

**(b) Discussion of Controlling Law**

RESPA provides in pertinent part:

A servicer of a federally related mortgage shall not--

* * *

(C) fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;

* * *

(E) fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(1). Regulation X provides in pertinent part:

> Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. § 1024.41(g). A private cause of action to enforce § 2605(k) of RESPA and § 41(g) of Regulation X is available pursuant to § 2605(f) of RESPA. *Ramirez v. Wells Fargo Bank, N.A.*, No. 1:19-CV-05074, 2021 WL 9564023, at *6 (E.D.N.Y. Mar. 24, 2021).

"A mortgagor engages in dual tracking by pursuing foreclosure on the mortgagee's property while simultaneously considering the mortgagee for a mortgage loan modification." See *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 943 (11th Cir. 2017) (citing *Chadwick v. Bank of Am., N.A.*, 616 Fed. App'x 944, 949 (11th Cir. 2015)).

A claimant must allege actual damages as a result of a RESPA violation. See 12 U.S.C. § 2605(f)(1)(A) (allowing recovery of "any actual damages to the borrower"). These "actual damages" can take the form of financial damages, emotional damages, or other damages which might flow from a servicer's wrongful act. *Dent*, 2015 WL 9694807, at *3; *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 F. App'x 543, 548 n.6 (6th Cir. 2012) (holding that emotional damages may constitute "actual damages" under RESPA); *Austerberry v. Wells Fargo Home Mortg.*, No. 15-CV-13297, 2015 WL 8031857, at *6 (E.D. Mich. Dec. 7, 2015) (noting the availability of statutory damages where "a pattern or practice of noncompliance" with RESPA can be shown); *Claxton v. Orlans Associates, P.C.*, No. 10-11813, 2010 WL 3385530, at *5 (E.D. Mich. Aug. 26, 2010) (noting that "actual damages" must "be damages suffered as a result of the

4

failure to satisfy the RESPA duty at issue"); *Hurst v. Caliber Home Loans, Inc.*, 44 F.4th 418 (6th Cir. 2022), citing *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 720-21 (6th Cir. 2013) (holding that legal fees and costs incurred in defending a foreclosure action resulting from a servicer's non-compliance with RESPA constitute a concrete, particularized injury).

RESPA, in pertinent part, provides for the following damages:

> Whoever fails to comply with any provision of this section shall be liable to the borrower *for each such failure* in the following amounts:
> (1) Individuals
> In the case of any action by an individual, an amount equal to the sum of—
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. § 2605(f) (emphasis added).

Mortgage servicers are prohibited from engaging in "conduct that constitutes improper, fraudulent, or dishonest dealings." R.C. 1322.40(C). Mortgage servicers must: (1) Act with reasonable skill, care, and diligence; (2) Act with good faith and fair dealing in any transaction, practice, or course of business in connection with the brokering originating of any residential mortgage loan; and (3) Comply with the duties imposed by other statutes and common law. R.C. 1322.45(A).

Federal Courts in Ohio have consistently held that mortgage servicers such as PHH are subject to and may be held liable for violations of the RMLA. *See*, *Mulkey v. Roundpoint Mortg. Servicing Corp.*, No. 1:21 CV 01058, 2021 U.S. Dist. LEXIS 234110 (N.D. Ohio Dec. 6, 2021; *Becker v. PennyMac Loan Servs.*, LLC, 583 F. Supp. 3d 1090 (S.D. Ohio 2022); *Hazelwood v. Bayview Loan Servicing*, No. 1:20-cv-726, 2021 U.S. Dist. LEXIS 30967 (S.D. Ohio Feb. 19, 2021). Moreover, in the context of similar laws, courts in Ohio have held that violations of statutes such as RESPA, can constitute a violation of state consumer protection laws. *See*, *Bucy v.*

5

*PennyMac Loan Servs., LLC*, No. 2:15-cv-2909, 2016 U.S. Dist. LEXIS 136306, at *30-31 (S.D. Ohio Sep. 30, 2016) (holding that facts establishing a violation of the Truth in Lending Act (TILA) can serve as sufficient basis for a claim under the Ohio Consumer Sales Practices Act (CSPA)); *Cook v. Newman Motor Sales*, 6th Dist. Erie No. E-09-028, 2010-Ohio-2000, ¶ 10 (affirming the trial court's decision where the trial court "concluded that in addition to independent violations of the CSPA, the violations of the MVTL and TILA were also violations of the CSPA-); *Linetsky v. DeJoh*n, 8th Dist. Cuyahoga No. 94625, 2010-Ohio-5016, ¶ 13 (finding that a defendant, in violating TILA, "also violated R.C. 1345.02(F)(1), the CSPA"); *Howard v. Norman's Auto Sales*, 10th Dist. Franklin No. 02AP-1001, 2003-Ohio-2834, ¶ 8 (affirming the trial court's decision where the trial court "found that defendants committed an unfair, deceptive or unconscionable act in violation of R.C. 1345.02 and 1345.03, the [CSPA], and that defendants violated [15 U.S.C. § 1640], the [TILA], by failing to disclose a finance fee of $129").

> The RMLA, in pertinent part, allows for the following damages:
>
> (1) A buyer injured by a failure to comply with this section may bring an action for recovery of damages.
> (2) Damages awarded under division (D)(1) of this section shall not be less than all compensation paid directly or indirectly to a mortgage broker from any source, plus reasonable attorney's fees and court costs.
> (3) The buyer may be awarded punitive damages.

R.C. 1322.45(D)

**(c) Evidentiary Issues Likely to Arise at Trial**

Counsel is not presently aware of any unique or uncommon issues. Counsel believes that this case will revolve around the resolution of disputed facts and conflicting testimony and the types of routine objections that may arise during such a trial.

(d) Estimated Length of Trial

Five (5) days.

6

Respectfully submitted,

*/s/ Daniel M. Solar*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Dann Law
15000 Madison Avenue
Lakewood, Ohio 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff Angela L. Ruckman*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Furthermore, on February 28, 2023, a copy of this filing was emailed to the following:

    Judge Bridget Meehan Brennan
    Carl B. Stokes United States Court House
    801 West Superior Avenue, Courtroom 15B
    Cleveland, OH 44113-1843
    Brennan_Chambers@ohnd.uscourts.gov

    Simon Fleischmann
    Locke Lord LLP
    111 South Wacker Drive
    Chicago, IL 60606
    sfleischmann@lockelord.com
    *Counsel for PHH Mortgage Corporation d/b/a PHH Mortgage Servicing*

    */s/ Daniel M. Solar*
    Marc E. Dann (0039425)
    Daniel M. Solar (0085632)
    Michael A. Smith Jr. (0097147)
    Dann Law
    *Counsel for Plaintiff Angela L. Ruckman*