# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| ANGELA RUCKMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:21-cv-00923-BMB |
| PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICING, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## PHH'S MOTION IN LIMINE TO EXCLUDE EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 401, 402, AND 403

Defendant, PHH Mortgage Corporation d/b/a PHH Mortgage Servicing ("PHH"), moves for an Order excluding evidence related to Plaintiff's mental, emotional, or physical health prior to July 2020 under Federal Rules of Evidence 401, 402, and 403. That evidence is irrelevant because it occurred prior to any of PHH's alleged wrongdoing, and to the extent the Court finds it is relevant, any probative value is substantially outweighed by the danger for unfair prejudice.

## INTRODUCTION

"The genesis of this dispute [is] a loss mitigation application," which Plaintiff submitted in July 2020. ECF No. 78 at 6; *see also* ECF No. 1, ¶ 33; ECF No. 12, ¶ 33. Both of Plaintiff's claims against PHH are based on PHH's conduct throughout the loss mitigation process, and she is claiming both gave rise to actual damages. ECF No. 1 at 20. Those actual damages, according to Plaintiff, include damages for emotional distress. *Id.*, ¶¶ 66(f), 109.

The discovery record contains a significant amount of evidence, put forth by Plaintiff, of her mental, emotional, and physical health. The evidence dates back over a decade. Plaintiff cannot

possibly link that evidence to any of PHH's actions that give rise to her claims and the evidence should therefore be excluded.

For instance, during written discovery, PHH asked Plaintiff, through interrogatories, for "all facts that support [her] allegations that [she] ha[s] suffered emotional distress, as a result of the conduct alleged in the Complaint." Ex. 1, Plaintiff's Responses to PHH's Discovery Requests, at 5. In response, Plaintiff provided a three-page, single-spaced narrative that begins in September 2012 and details the tragic loss of her daughter. *Id.* She refers to that same narrative in her response to Interrogatory No. 6, seeking a list of ways Plaintiff contends she has been damaged as a result of the conduct alleged in the complaint, and Interrogatory No. 8, seeking an itemized list of damages. *Id.* at 11-13. In response to a document request seeking documents related to "evidence that [she] suffered emotional distress or duress to the alleged actions of" PHH, she produced over 1,500 pages of medical records. *See* Ex. 1 at 24. Those records include information related to medical visits dating back as far as April 2017.

It is possible the list of this type of evidence will shrink or expand with Plaintiff's trial exhibit and witness lists that she submits on the same day as PHH files this motion. But as of now, Plaintiff has demonstrated that she may believe that evidence of her pre-July 2020 physical, mental, and emotional state is relevant to this dispute. But for the reasons discussed in detail below, it isn't, and the Court should exclude it.

# ARGUMENT

**I. Evidence of Plaintiff's mental, emotional, or physical health prior to July 2020 is irrelevant because causation is an essential element of recovery for emotional damages.**

Any evidence that Plaintiff experienced distress prior to July 2020 is irrelevant, because it could not possibly have been caused by PHH's alleged wrongdoing. A plaintiff's "actual damages" under RESPA may include emotional damages. *Houston v. U.S. Bank Home Mortgage Wis. Servicing*, 505 Fed. App'x 543 (6th Cir. 2012). But those damages must be *caused by* the RESPA violation. *See Schoen v. Bank of Am., N.A.*, 2019 WL 590882 (S.D. Ohio Feb. 13, 2019) ("[T]o recover under RESPA, a plaintiff must present evidence to establish a causal link between the servicer's noncompliance and the claimed damages."); *DeLorenzo v. Nationstar Mortgage, LLC*, 2019 WL 961987 (W.D. Ky. Feb. 27, 2019) (claim for actual damages "fails" where plaintiff's alleged damages "arose before any possible RESPA violation by [defendant], and there is no causal link between those damages and Nationstar's alleged RESPA violation"). It goes without saying that in order for A to cause B, A has to happen first. In order for Plaintiff's mental, emotional, or physical distress to be caused by PHH's alleged statutory violations, PHH's alleged violations had to have happened first. Therefore, July 2020 is the earliest possible time that Plaintiff can claim any actual damages.

As the Court held in its Order on summary judgment, Plaintiff's claims arise out of the loss mitigation process. ECF No. 78 at 6. That process did not start until July 2020, when Plaintiff submitted her loss mitigation application. ECF No. 1, ¶ 33; ECF No. 12, ¶ 33. It is therefore impossible that any actual damages recoverable at trial accrued prior to July 2020. Therefore, anything Plaintiff may have experienced before July 2020 should be excluded under Rule 402.

## II. Evidence of Plaintiff's mental, emotional, or physical health prior to July 2020 poses a substantial danger of unfair prejudice and should be excluded under Rule 403.

Should the Court decide instead that evidence of Plaintiff's mental, emotional, and/or physical health prior to July 2020 is somehow relevant to her claims, the Court should alternatively exclude such evidence under Rule 403. Rule 403 allows the Court to exclude otherwise relevant evidence if the "probative value is substantially outweighed by a danger of… unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice… means an undue tendency to suggest decision on an improper basis," such as "an emotional one." *Blackston v. Rapelje*, 780 F.3d 340, 356 (6th Cir. 2015). Allowing the jury to hear and consider evidence of Plaintiff's suffering prior to July 2020 would make this trial needlessly and unfairly emotionally charged. The jury is tasked with determining whether PHH's actions during the loss mitigation process amount to statutory violations. Pre-July 2020 evidence of Plaintiff's health issues, the death of her daughter, or anything else should be excluded in the interest of a fair jury determination of the harm that is actually attributable to PHH's alleged violations.

Therefore, PHH respectfully requests that this Court enter an Order excluding all evidence of Plaintiff's mental, emotional, or physical health prior to July 2020.

Dated: February 28, 2023

**PHH MORTGAGE CORPORATION**
**d/b/a PHH MORTGAGE SERVICING**

By: /s/ *Simon Fleischmann*
    Simon Fleischmann
    Locke Lord LLP
    111 South Wacker Drive
    Chicago, Illinois 60606
    Telephone: (312) 443-0462
    Facsimile: (312) 896-6471
    *sfleischmann@lockelord.com*

## CERTIFICATE OF SERVICE

I certify that an exact copy of the foregoing document was electronically filed and served via the ECF system on February 28, 2023.

/s/ *Simon Fleischmann*